An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
FREDRICA CHARLEE BALLARD,
Respondent.

No. 64892

FILED

JAN 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting, in part, respondent Fredrica Charlee Ballard's motion to set aside the verdict and enter a judgment of acquittal. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Fredrica Ballard operated a marijuana grow house with her two adult sons, William and Daniel. Her two minor children, P.B. and N.B., also lived in the home and sometimes participated in the operation by watering and moving the plants. In addition, the children were sometimes present when Fredrica sold and smoked marijuana. Based upon these acts, Fredrica was charged with possession of a controlled substance, possession of a controlled substance with intent to sell, and conspiracy to violate the Uniform Controlled Substances Act. Fredrica was also charged with two counts each of child abuse, NRS 200.508(1), and child neglect, NRS 200.508(2). Fredrica was convicted of all counts and moved to have the verdict vacated. *See* NRS 175.381(2) (permitting the district court to vacate the verdict and enter a judgment of acquittal if

15-01702

insufficient evidence was presented at trial). The district court concluded that the State presented insufficient evidence to support the child abuse and child neglect charges and granted Fredrica's motion as to those counts.

The State contends that the district court erred. We review the evidence presented in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). The State asserts that the district court disregarded the overwhelming evidence which established that P.B. and N.B. were not given proper "care, control, or supervision." *See* NRS 200.508(1)-(2) (requiring the State to demonstrate that a person caused or allowed a child to be placed in a situation where he might suffer injury as the result of "abuse or neglect"); NRS 200.508(4)(a) (defining "abuse and neglect," in relevant part, as maltreatment); NRS 432B.140 (explaining that maltreatment occurs where "a child has been abandoned, is without proper care, control and supervision or lacks the subsistence, education, shelter, medical care or other care necessary for the well-being of the child"). Specifically, the State points to testimony which established that (a) Fredrica used chemicals to grow marijuana and kept liquid containers next to electrical wiring, (b) many marijuana grow houses develop mold, fire, and other hazards, and (c) protective gear is worn to remove marijuana. The State also points to testimony which established that Fredrica committed her crimes in P.B. and N.B.'s presence and forced them to participate in her activities. We agree with the district court that

SUPREME COURT
OF
NEVADA

(O) 1947A

this evidence was insufficient to establish the essential elements of the charged crimes. We conclude that the district court did not err by granting Frederica's motion, in part, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Carolyn Ellsworth, District Judge
Attorney General/Carson City
Clark County District Attorney
Cofer, Geller & Durham
Eighth District Court Clerk